## H. T. MILES v. STATE.

No. A-4779.  Opinion Filed June 6. 1925.
(236 Pac. 907.)

Moss & Owen, for plaintiff in error.

EDWARDS, J.   The plaintiff in error will be referred to as defendant.   The defendant was convicted in the municipal criminal court of the city of Tulsa on a charge of having possession of intoxicating liquor with intent to sell, and his punishment fixed at a fine of $500 and six months in the county jail.

The evidence is very brief, and is to the effect that on the date charged certain police officers called up the defend-

ant by telephone and arranged with him to bring a quart of whisky to a room in a bank building and that in a few minutes the defendant appeared there and at first went to the wrong room and inquired of some person there, and in the hearing of one of the officers, if they had called him. As he left this room, he was arrested and a quart of whisky taken from him. The police officer had no warrant of arrest nor search warrant.

The contention on which defendant seeks to reverse this case is that the search of his person was in violation of article 2, section 30, of the Bill of Rights, it being contended that, under this provision of the Constitution and the statute enacted in aid of it, the search was done upon a mere suspicion, and was unreasonable and unlawful; that any evidence obtained by means of such search could not be used in evidence against the defendant.

If, under the facts disclosed by the record in this case, the arrest was in violation of the constitutional rights of defendant, the case must be reversed. If, on the other hand, the officers in making the search lawfully arrested and searched the defendant the conviction should be affirmed. As there was in this case no search warrant, the question of the validity of a search warrant is not involved, but, if the arrest of the defendant was lawful, the arresting officer might lawfully search his person. Berg v. State, 29 Okla. Cr. 112, 233 P. 497; Davis v. State, 30 Okla. Cr. 61, 234 P. 787, and authorities therein cited.

The offense charged against the defendant is a misdemeanor and a peace officer may arrest for a misdemeanor without a warrant only for a public offense committed or attempted in his presence. Section 2471, Comp. St. 1921. It is held under similar provisions of law that it is not sufficient if, after the arrest, the search of the person discloses that the person arrested was committing an offense.

To hold otherwise would be to license the arrest of any person on mere suspicion. The commission of the offense must be known to the arresting officer. However, the term "in his presence" does not mean that the officer shall in every case see the act or acts constituting the offense or attempted offense. The knowledge of the commission of a crime or attempt in his presence may come to him through his other senses, as well as through the sense of vision. Thus in the case of Dilger v. Commonwealth, 88 Ky. 550, 11 S. W. 651, it was held that police officers, who, while on their beat in the nighttime, heard screams coming from an upstairs room, were justified in making an arrest of an accused for beating his mistress as an offense committed in their presence; for, while the offense was not committed in their sight, yet it was within their hearing, and that this was in their presence as contemplated by law. A somewhat analogous case is that of Hawkins v. Lutton, 95 Wis. 492, 70 N. W. 483, 60 Am. St. Rep. 131. See, also, Stoehr v. Payne, 132 La. 213, 61 So. 206, 44 L. R. A. (N. S.) 604, and Commonwealth v. Tobin, 108 Mass. 426, 11 Am. Rep. 375.

It was held in the case of McBride v. U. S. (C. C. A.) 284 F. 416, that knowledge of the commission of the crime coming through the sense of smell was sufficient on which to predicate an arrest without a warrant. In that case an enforcement officer, without a warrant, entered a private inclosure containing a vacant house and barn, and, smelling the fumes from a still, searched the barn and found a still in operation. It was held that his arrest of the operators was lawful.

We think that, if a suspected person informed an officer that he is engaged in the commission of a misdemeanor, although the visual, auditory or olfactory proof is not evident, the officer is justified in acting on the information of

the person suspected, although he cannot have the right to act on the information of any other person. Information by the person amounts to an admission, or to a waiver of knowledge derived through the ordinary senses. Here, in substance, the accused said to the officer: I will be over in 10 or 15 minutes with whisky on my person, at that time he appears in response to his agreement. It is true that at the time of his arrest the liquor had not been seen, yet, it cannot be said that the arresting officer had not observed any violation of the law, or an attempt to violate the law. The officer had observed the commission of at least one act constituting an element of attempting to commit the offense with which he was charged; that was, he had observed a manifestation of the intent to dispose of intoxicating liquors. The fact that the accused responded to an offer to purchase and agreed to sell and deliver whisky immediately would have been competent proof of intent, if the accused had been on trial for a charge of possessing whisky with intent to sell, which is the charge in this case. That evidence would have been sufficient proof on the matter of intent to have sustained the verdict.

It was said in the case of State v. Lutz, 85 W. Va. 330, 101 S. E. 434:

"An offense can be said to be committed in the presence of an officer only when he sees it with his own eyes, or sees one or more of the series of acts constituting the offense, and is aided by his other senses or by information as to the others, when it may be said the offense was committed in his presence."

The question of entrapment is nowhere presented in the record or brief before us, and that phase of the matter is not considered. We believe that the record discloses a sufficient proof of the attempted commission of an offense in the presence of the arresting officer as to bring it within

the contemplation of the law authorizing arrest for a misdemeanor committed or attempted in his presence.

The judgment is affirmed.

BESSEY, P. J., and DOYLE, J., concur.