## MATT COLLINS v. STATE.

No. A-4865.    Opinion Filed July 11, 1925.
(237 Pac. 865.)

P. A. Gavin, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

BESSEY, P. J.   By a majority verdict of a jury, Matt Collins, here designated the defendant, was found guilty of the illegal transportation of one-half gallon of whisky. The court fixed his punishment at confinement in the county jail for a period of four months and a fine of $250.

The defendant, accompanied by his wife, was apprehended and arrested on the streets of Muskogee for speeding. The officers who made the arrest claimed that when they first saw the defendant he was driving his automobile, a one-seated roadster, at an unlawful and excessive rate of speed. The officers gave chase and overtook the defendant after he had driven approximately 20 blocks from where he was first seen. At the sound of the police whistle the defendant retarded the speed of his car, stopped and stepped out of the car, at Fifth and Fondulac streets, to await the orders of the officers. The door of the defendant's car stood ajar, and the officer who was driving the pursuing car says that from where he sat in the police car he saw fragments of a "brown glass earthenware jar" on the floor of the car, and that he detected the odor of whisky. The other officer says that he smelled whisky as they passed Altamont street.

The defendant, corroborated in part by one of the officers, says that he had had two jars of buttermilk, which he had procured for his use; that one of them broke, and the contents spilled on the floor of the car, and that some of the contents of the other jar had slopped over.

The evidence on the part of the state does not bear the marks of consistency and good faith in two particulars. It seems that the defendant, in the first place, was not arrested for transporting whisky; he was arrested for speeding, and the liquor charge was the result of an afterthought, and was not filed until some time later. It further appears that the sense of smell of these two officers was too acute to reliably establish guilt beyond a reasonable doubt. That an officer driving at a high rate of speed in pursuit of another could detect the odor of whisky emanating from the car pursued seems improbable. Considered with the other evidence corroborating that of the defendant, we think the mere statement of the other officer that he detected the smell of whisky and saw broken fragments of a vessel, as

he sat in his car and ordered the defendant to the police station, was insufficient to establish the fact that the defendant was transporting whisky.

It is therefore the opinion of this court that the evidence in this case is insufficient to support the verdict, and the judgment of the trial court is ordered reversed.

DOYLE and EDWARDS, JJ., concur.