## J. F. PORTER v. STATE.

No. A-5247.   Opinion Filed Nov. 13, 1926.
(250 Pac. 437.)

Bristow & McFadyen, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

BESSEY, P. J.   The plaintiff in error, here designated the defendant, was charged with the illegal transportation of whisky "from a point between the gin building and the seedhouse of the Johnston gin, located in the town of Carnegie, Okla., into the said seedhouse, a distance of approximately 40 feet." Upon conviction, the punishment was assessed at a fine of $100 and 30 days in jail.

The evidence shows the Johnston gin comprised a rectangular building 50 or 60 feet in length; that adjacent thereto was a long building containing bins or compartments for the storage of cotton and cotton seed; that between the two was a drive or passageway; and that the two buildings were connected by a roof covering the bins and driveway. The defend-

ant drove his car into the entrance of this driveway, alighted, and took from the car, or its immediate vicinity, a toesack, containing a bulky substance about the size of a gallon jug. This he carried along the driveway a distance of 40 feet, where he entered a bin in which was stored a large quantity of cotton seed. A peace officer followed him into the bin, and found the defendant with a toesack in his hand, in which was a gallon jug containing corn whisky. The defendant admits that he was found in possession of the sack and jug of whisky, but claims that he knew that it was hidden in this cotton seed, and that he went there with a toesack containing a half-gallon glass jar, for the purpose of obtaining a portion of the whisky contained in the jug.

There was evidence tending to show that the defendant and another were operating a fish camp nearby, and that he frequently made trips to and fro from the camp to this gin. There was also evidence tending to show that on this occasion the defendant was more or less intoxicated.

The testimony of the foreman at the gin and of the peace officer indicates that the defendant's story was not true, and that the defendant carried the jug of whisky from the car, or its vicinity, to the place where it was recovered in the cotton seed bin. On these facts the jury were justified in adopting the evidence on the part of the state rather than that of the defendant.

The defendant contends, assuming that the evidence on the part of the state was true, that there was no illegal transportation within the meaning of section 7002, Comp. Stat. 1921. Where the removal of intoxicating liquor from one place to another is for an illegal purpose, the space or distance over which it is removed

would make no difference. Thomas v. State, 27 Okla. Cr. 264, 226 P. 600.

While some decisions indicate that an unlawful transportation is not accomplished, unless there is a removal from the premises, or at least the curtilage of their origin or point of departure, this is not always the test; e. g., in Kentucky, the removal by a farmer of liquor made in an illicit still on his farm from one part of the farm to another was held unlawful. Scaggs v. Com., 196 Ky. 399, 244 S. W. 799.

Where liquor was carried a short distance from the owner's house to evade detection, and there dropped with intent to destroy it, it was held an illegal transportation. Caudill v. Com., 200 Ky. 251, 254 S. W. 745; section 306, Thorpe on Prohibition.

The evidence in this case indicates that the defendant was a trespasser upon the premises, and that he was endeavoring to take advantage of the open bins for the purpose of concealing liquor for illegal purposes; that it was his intention, ultimately, to convey it, or a portion of it, to some other place. The facts in this case are quite different from the case of DeGraff v. State, 2 Okla. Cr. 519, 103 P. 538, where it was held that the removal of liquor from one room in a house to another room in the same house was not an offense within the meaning of the law.

The judgment of the trial court is affirmed.

DOYLE, J., and EDWARDS, J., concur.