## DICK SANDS v. STATE.

No. A-5784.   Opinion Filed Jan. 8, 1927.
(252 Pac. 72.)

Wright, Gill & Ramsdale, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of transporting whisky and was sentenced to pay a fine of $500 and to be confined in the county jail for a term of six months.   The evidence is brief, and is in substance that certain officers were in a building on West Fifth street, Oklahoma City, searching for narcotics.   They saw a car drive up in front of the building, and the defendant got out of the car and came into the building, and as the officers went out they passed him.   The wife of the defendant, jointly charged with him, was sitting at the wheel, and as the officers came out to the car they smelled whisky, and one of them looked through the

isinglass of the curtain between the front and rear seats and saw whisky which was contained in two glass jugs, a five-gallon and a one-gallon glass one.

They thereupon seized the whisky and arrested the defendant and his wife. Before the trial had begun, defendant filed a motion to suppress the evidence as having been obtained by an unlawful search, which was overruled. It has been held that an officer may be apprised of the commission of a misdemeanor by the sense of smell or hearing, as well as by the sense of sight. Miles v. State, 31 Okla. Cr. 4, 236 P. 907; Sprinkle v. State, 34 Okla. Cr. 161, 245 P. 901; Collins v. State, 31 Okla. 187, 237 P. 865. See, also, Stansell et al. v. State, 30 Okla. Cr. 265, 235 P. 937.

To hold that the looking through the isinglass of the car by the officer after having his attention called to it by the odor of whisky is too narrow and technical a construction of the statute and constitutional provision forbidding unlawful searches. It is not a search for an officer to merely look into an automobile. The contention upon this point cannot be sustained.

It is also contended that there is no evidence that the whisky was transported from any place unknown to the place where it was found, in that the testimony did not disclose how far the officers saw the automobile move before it stopped. Applying the doctrine of common sense, it is self-evident that the car came from some point to the street in front of the house mentioned in evidence. It is described in the information as being some place unknown, and this is sufficiently proven by the circumstances. Shirley v. State, 31 Okla. Cr. 174, 237 P. 627; Porter v. State, 35 Okla. Cr. 261, 250 P. 437; Henthorne v. State, 35 Okla. Cr. 197, 249 P. 429.

The defendant did not take the stand. No reason for reversal is apparent.

The case is affirmed.

BESSEY, P. J.., and DOYLE, J., concur.