## J. D. BULLINGTON v. STATE.

No. A-5937. Opinion Filed Oct. 8, 1927.
(259 Pac. 876.)

Bicking & Wilson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Tulsa county on a charge of transporting intoxicating liquor, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record discloses that at the time charged a deputy sheriff driving along the highway passed a Ford car driven by defendant. In passing he saw in the rear of the car a 5-gallon glass jug, partially concealed, filled with a yellow liquid which he took to be whisky. The officer then slowed his car and permitted the car driven by defendant to pass him in order to verify his observation and, having done so, arrested defendant and took possession of the 5-gallon jug, which was full of corn whisky. Defendant in his testimony admitted that he was transporting whisky, but claimed that it was concealed by having a burlap sack about it with the side curtains laid over it. Counsel for defendant contends that the search was illegal and the evidence obtained incompetent. The objection was properly raised. The state insists that the arrest was legal for an offense committed in the presence of the officer and the evidence obtained thereby competent. A jury was waived, and the case was tried to the court.

This is a fact case; if the officer saw defendant

transporting whisky, that is, committing an offense in his presence, he had a right to arrest him without a warrant (Comp. Stat. 1921, §§2471 and 7014) and to seize any evidence, instrument, or means used in committing a crime on or about his person (Davis v. State, 30 Okla. Cr. 61, 234 P. 787; Rambo v. State, 38 Okla. Cr. 192, 259 P. 602). The testimony is in conflict as to whether or not the officer saw the whisky before he arrested defendant; the weight of this evidence was for the court; he must have believed the testimony of the officer on this point. We cannot disturb the judgment by reason of any conflict in the evidence. Defendant further argues that, in any event, the officer could not know positively the contents of the jug was whisky until he removed the cork and smelled or tasted it. The evidence does not disclose a search, since the mere looking into an automobile is not a search. Sands v. State, 36 Okla. Cr. 58, 252 P. 72. See, also, State v. Quinn, 111 S. C. 174, 97 S. E. 62, 3 A. L. R. 1500; Culver v. Burnside, 46 S. D. 78, 190 N. W. 804.

This court desires to sustain the constitutional and statutory provisions forbidding unreasonable searches and seizures. An officer has no right to arrest without a warrant any person on the mere suspicion that he may be transporting intoxicating liquor, on his person or in his conveyance. The contention, however, that an officer may not arrest nor seize whisky visible in a glass container because he has not examined the contents by taste or smell cannot be sustained. The sense of sight as well as the sense of taste and smell may be resorted to in such case, although it is possible that an officer might be deceived in relying upon the sense of sight.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.