## TIP BAILEY v. STATE.

No. A-6235.   Opinion Filed Feb. 11, 1928.
(263 Pac. 1114.)

W. F. Brumfield, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case charges that in Noble county, December 4, 1925, Tip Bailey and Jap Bailey did unlawfully manufacture intoxicating liquor, to wit, whisky. A severance was granted. On

his trial the defendant, Tip Bailey, was found guilty and his punishment fixed at a fine of $100 and imprisonment in the county jail for 100 days. From the judgment entered on the verdict, he appeals.

When the case was called for trial, the defendant interposed a motion to suppress the evidence on the ground that the same was obtained by an illegal search under authority of a search warrant issued upon the affidavit of R. E. Delaney, which failed to state sufficient facts to warrant the issuance of said search warrant. The motion was overruled.

The testimony of Emmet Delaney, a federal prohibition officer, and three other officers shows that in executing a search warrant they went to the "old Ben Battles" farm, and in the back room of a log cabin they found a 50-gallon still in operation, 14 barrels of mash, and 12 gallons of whisky. Tip Bailey was in the room where the still was, and the defendant, Jap Bailey, and a man named Edmondson were in the other room. They seized the still, mash, and whisky and arrested the parties.

For the defense, Bill Edmondson testified that he lived 8 miles west of Stillwater and was hunting up the branch near the Battles farm and saw Tip Bailey drive up to a log cabin, which is about 300 yards in from the road; that he went up to the log house and found the Bailey boys there and sat down to warm his feet, and in about 10 minutes the officers appeared aud searched the place; that the officers asked him what he knew about it, and he told them that it was the first time he had ever been there and knew nothing about the still; that the case against him had been dismissed.

The testimony of the defendant in his own behalf is as follows:

"I live 7 miles west of Stillwater. It was rainy weather, and just about noon I started to the store for some groceries. I went by Mr. Blake's place and I stopped. He told me that Jap said if he saw me to come up to the Battles farm, that he wanted to see me, and I drove up there, Jap was there, and I asked him what he was doing, and he said, 'You can see what I am doing, can't you?' I told him he was going to get into it, and he told me to come on in, and I went in at the window because he had the door fastened up and had a wagon sheet over it; that shortly afterwards the officers appeared and raided the place."

To reverse the judgment appellant assigns as grounds the insufficiency of the affidavit upon which the search warrant was issued and the evidence offered by the state obtained.

In respect to the motion to suppress the evidence, it is sufficient to say that appellant's testimony shows that he did not claim any rights there.

It is the well-settled doctrine in this state that the right to immunity from an unauthorized search and seizure and its consequences is a personal right, extending only to the home or place of business and its curtilage. Klaber v. State, 35 Okla. Cr. 238, 250 P. 142; Williams v. State, 35 Okla. Cr. 171, 249 P. 433; Hardy v. State, 35 Okla. Cr. 124, 248 P. 874; Ratzell v. State, 27 Okla. Cr. 340, 228 P. 166.

It is also contended that the evidence is not sufficient to support the verdict. An examination of the record convinces us that there was sufficient evidence to warrant the submission of the case to the jury.

No other reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.