## WILL LOVE v. STATE.

No. A-7901. Opinion Filed May 9, 1931.
(299 Pac. 232.)

Clark Nichols and Jack Nichols, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of McIntosh county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the court at a fine of $150 and imprisonment in the county jail for 90 days.

Defendant in his brief says that there are only two questions for consideration in the case, raised by the pe-

tition in error, which are set out in the seventh and eleventh subdivisions of said petition in error.

The seventh paragraph of the petition in error is as follows: "That incompetent and irrelevant evidence was permitted to go to the jury over the objection of the plaintiff in error."

This evidence is as follows:

"Q. Was there a carnival going on? A. There was a carnival going on.

"Q. How near was that to the carnival? A. About four blocks from the carnival."

This evidence was objected to by the defendant as incompetent, irrelevant, and immaterial, and was overruled by the court. These questions appear to have been asked as preliminary to locate where the defendant was at the time he was arrested. The admission of this evidence could not have prejudiced the defendant in any wise.

The eleventh assignment of error is as follows:

"That the court erred in permitting testimony on behalf of the state relative to evidence found by reason of their search of defendant's car, after the same had been objected to by the defendant for the reason that said evidence was procured by means of unreasonable search and seizure."

The officer testified that the defendant drove up in front of the officer's house, where his motor went dead, and defendant wanted some water; that the officer happened to be out in the yard, and walked out to where defendant was, and said, "What have you got, Bill?" and he said, "I have got some stuff that I am going to take to Muskogee," and admitted that it was whisky, and I said, "I don't think you will; I will take charge of the whisky,"

so I arrested him and took him and the whisky; that the whisky was in a five-gallon keg, partly exposed.

On cross-examination, the witness testified that, at the suggestion of defendant, he took him to police court, where he was fined.

When the state rested, the defendant called the mayor of Checotah, who testified that the defendant entered a plea of guilty before him as magistrate to a charge of possession of whisky and to a charge of transportation of whisky and paid fines for himself and for another man with him amounting to $59.85.

The defendant did not take the witness stand.

What the officer could see and what he knew about the defendant and the fact that defendant told him that whisky was in the car was sufficient information to authorize the officer to arrest defendant and take possession of the whisky. No search of defendant's car was made, and none was necessary under the facts in this case.

In Miles v. State, 31 Okla. Cr. 4, 236 Pac. 907, this court said:

"An offense is committed or attempted 'in the presence of the officer,' within the meaning of the law, where such officer is apprised by any of his senses that a misdemeanor is being committed or attempted, or by information of such fact communicated by the person arrested prior to his arrest."

In Bynum v. State, 40 Okla. Cr. 352, 268 Pac. 993, this court said:

"When defendant admitted ownership of the car and the whisky, the officers then had legal knowledge of the commission of a misdemeanor in their presence, and his arrest without a warrant was legal and a subsequent search of the car not an unlawful search."

The errors complained of being without substantial merit, the cause is affirmed.

EDWARDS, J., concurs.