### R. L. McMILLIAN v. STATE.

No. A-8099.   Opinion Filed Aug. 28, 1931.
(2 Pac. [2d] 590.)

Jack W. Page, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for a period of six months.

The evidence of the state was that the sheriff's office was called to send officers to the eleven hundred block on east Twelfth street, in Oklahoma City; that this call was put in by the owner of the property; that the officers went out to the address and found the garage open, with a lot of empty bottles in it and with some old felt hats like those you strain whisky through, and funnels; that

the defendant drove up to the place in a Chevrolet coupe; that the officers heard glass crash and could smell whisky and see that defendant was throwing the whisky out of the car; that defendant got out of the car; that the officers went up to the car and found two one-half gallon fruit jars broken; that whisky was running out of the car and they could smell it; that in the back of the coupe they found forty gallons of whisky; that, after the defendant came, the officers remained for some time, and, in the presence of defendant, the phone rang, and the officers answered it fifteen or twenty times, taking orders for whisky in five and ten gallon lots.

The defendant did not take the witness stand and offered no evidence.

Prior to the impaneling of the jury, defendant filed an unverified motion to suppress the evidence, but offered no evidence in support of this motion.

In the trial of the case defendant objected to the introduction of this evidence, for the reason that it was obtained by an unlawful search of his car.

The officers were on the premises with the consent of and upon the invitation of the owner. The officers could see, smell, and hear sufficient to advise them that an offense was being committed in their presence. Under such circumstances, no search warrant was necessary. Wilson v. State, 31 Okla. Cr. 389, 239 Pac. 188; Sands v. State, 36 Okla. Cr. 55, 252 Pac. 72.

There being no other question involved in the case, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.