# RAYMOND S. STRATEGIER v. STATE.

No. A-8699.   May 18, 1934.
(32 Pac. [2d] 1054.)

Jack W. Page and Justin Hinshaw, for plaintiff in error.

J. Berry King, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and Paul W. Updegraff, Co. Atty., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with Tell Dugger, with transporting intoxicating liquor, convicted and sentenced to pay a fine of $50, and be incarcerated in the county jail for 30 days.

The testimony on behalf of the state shows C. I. Adams, a deputy sheriff, and Ivan Kennedy, an undersheriff of Cleveland county, on August 30, 1933, were making a trip east of Norman about six miles and saw a car that had been damaged; on their return they observed the same car they saw as they went out nearer to Norman parked by the side of the road; when they pulled up to

the side of the car, the officers say the defendant was out of the car, the left door of the car was open, and the witnesses testified they could see a jar on the floor of the car; they took a half-gallon jar from its side on the floor with its lid off, and also a half-pint bottle with the cork out, out of the car. The bottle and jar were introduced in evidence. The officers stated a man by the name of Tell Dugger had turned the jar over and poured the whisky out.

Tell Dugger, testifying in his own behalf, admitted being in the car when the officers drove up to the car; he further stated he did not believe the officers saw the car they were in moving. The following questions were asked, and witness Dugger gave the following answers:

"Q. Were there any liquor in the car? A. Yes, sir. Q. How much? A. There was a half gallon jar and a half pint. Q. When you saw the officers what did you do? A. I poured it out. I had the lid off when they drove up. Every bit of it poured out."

The defendant testifying in his own behalf denies there was any whisky in the car. The foregoing is an abstract of the testimony as disclosed by the record.

The first assignment of the defendant is that the court erred in overruling his motion for a new trial. In his motion for a new trial, the defendant raises all the questions as to the evidence introduced on behalf of the state, first contending that it was unlawfully secured, and, second, that it was not sufficient to sustain a conviction; the contention of the defendant being that the officers had no authority to search the defendant's car.

Section 2780, O. S. 1931, is as follows:

"A peace officer may, without a warrant, arrest a person: First. For a public offense, committed or attempted in his presence. Second. When the person ar-

rested has committed a felony, although not in his presence. Third. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. Fourth. On a charge, made upon reasonable cause, of the commission of a felony by the party arrested."

In Sands v. State, 30 Okla. Cr. 55, 252 Pac. 72, the identical question involved in this case was considered by this court, and in the second paragraph of the syllabus the court said:

"The mere looking into an automobile and there seeing intoxicating liquor, which is not concealed, and which requires no search to discover, is not illegal search within the meaning of the law and Constitution making illegal a search without a valid search warrant." Miles v. State, 31 Okla. Cr. 4, 236 Pac. 907; Sprinkle v. State, 34 Okla. Cr. 161, 245 Pac. 901; Collins v. State, 31 Okla. Cr. 187, 237 Pac. 865; Stansell v. State, 30 Okla. Cr. 265, 235 Pac. 937.

In Bullington v. State, 38 Okla. Cr. 214, 259 Pac. 876, 877, this court said:

"A peace officer, without a warrant, may arrest a person for any violation of the prohibitory liquor law committed in his presence and may seize any intoxicating liquor in the possession or immediate presence of the person arrested."

The defendant has cited a number of authorities which he insists sustain his contention that the search was illegal. After examining the authorities cited by the defendant, we hold they are not applicable to the facts in this case. The court did not err in admitting the testimony over the defendant's objections. The testimony clearly shows the defendant guilty. There are no errors in the record. The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.