# GUY MILLER BOARDWINE v. STATE.

No. A-9317. Feb. 25, 1938.
(76 P. 2d 1081.)

Joe Adwon and James L. Gowdy, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J. The information in this case charged that in Oklahoma county on the 3d day of October, 1936, Guy Miller, alias Guy Howard, alias Guy Boardwine, alias Guy

Miller Boardwine, and F. J. Kenard, did unlawfully have the possession of 5,520 pints of whisky, gin, and divers others kinds of intoxicating liquor, with the unlawful intent to sell, convey, and to otherwise unlawfully dispose of the same.

Upon his separate trial the jury returned their verdict finding the defendant, Guy Miller Boardwine, guilty as charged in the information, and that they were unable to agree upon the punishment.

On June 5, 1937, his motion for a new trial was overruled. Thereupon the court rendered judgment and sentenced the defendant Boardwine to pay a fine of $75 and be imprisoned in the county jail for a period of 45 days, and that he pay the costs.

From the judgment he appeals and assigns as error the overruling of his motion to suppress a portion of the evidence obtained by an unlawful search and seizure of his automobile; and that the verdict of the jury is contrary to the law and the evidence.

The undisputed evidence for the state shows that on the date alleged, several deputy sheriffs, in executing a search warrant, searched the defendant Boardwine's place of business, a restaurant on May avenue, adjacent to Oklahoma City, and found no intoxicating liquor on the place, but observed in a car parked nearby packages of whisky on the floor and on the seat. They also observed through windows in a barn nearby cases and bottles of intoxicating liquor, so two of the deputy sheriffs returned to a magistrate and procured a search warrant for the barn and premises. When the officers returned with the search warrant, they arrested the defendant Boardwine and took from him the key to the car and unlocked the car and searched it, and found 18 pints of whisky in the car; they searched the barn and there found more than 5,200 pints of intoxicating liquors.

The defendant admitted the ownership of the intoxicating liquor found in his car, but denied the ownership of the intoxicating liquors found in the barn.

The record shows that after the jury was impaneled and sworn, the defendant Boardwine moved the court to suppress the evidence of the officers obtained by search of the defendant's automobile, for the reason that the search was made without affidavit for search warrant and without search warrant, and for the further reason that the information charges the defendant with possession of 5,520 pints of intoxicating liquor, and evidently does not refer to the possession of any intoxicating liquor in this defendant's automobile. Which motion was by the court overruled.

Counsel for the defendant excepted on the ground that defendant was not given an opportunity of presenting evidence thereon.

Thereupon the court stated:

"You always have your opportunity, gentlemen of the jury, you may be excused for a few minutes."

And further stated:

"Let the record show the ruling on the motion is set aside, the defendant may offer his proof."

On the motion to suppress Guy Miller Boardwine testified that he was the owner of the automobile, a Ford V 8 Coupe, 1936 model; that the whisky the officers found in the car was his whisky; that the officers did not have any search warrant for that automobile.

On cross-examination he stated the officers told him that they had a search warrant for the barn and premises; that the whisky found in the barn did not belong to him; that before they went to the barn they arrested him and searched him and took his car key and went and searched his car.

It is contended on the part of the defendant that the search and seizure of his automobile was illegal and in violation of his constitutional and statutory rights, and that the admission of the evidence so obtained prevented the defendant from having a fair and impartial trial.

When the state rested the defendant interposed a demurrer to the evidence on the ground that the same was obtained by an unlawful search and seizure, which demurrer was overruled. Defendant then moved the court to direct the jury to render a verdict of acquittal, for the reasons stated. Which motion was overruled. Exception allowed. There was no testimony offered on the part of the defendant.

The complaint or affidavit and the search warrant issued thereon and executed by search and seizure of the liquor found in the defendant's car, and in the barn, were not offered or introduced in evidence in support of the motion to suppress the evidence.

There was no competent evidence to overcome the presumption that the search and seizure made thereunder was in strict conformity with the search warrant. It appearing that the defendant was under lawful arrest, the officers had a right as an incident of that arrest to search his car and person where they saw him violate the law.

In Washington v. State, 37 Okla. Cr. 415, 259 P. 150, 151, we said:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits or as the means by which it was committed, or which may be of use as evidence at the trial, is not to be doubted."

In Bailey v. State, 39 Okla. Cr. 159, 263 P. 1114, this court held:

"The constitutional right to immunity from unreasonable search and seizure and its consequences is personal. An accused will not be heard to object that a search of the premises of some third person is a violation of the constitutional inhibition."

In Ellige v. State, 39 Okla. Cr. 262, 264 P. 220, this court held that:

"The right to complain of an illegal search is personal. A defendant will not be heard to complain that a search made of the premises or property of a codefendant is illegal."

And see Strickland v. State, 40 Okla. Cr. 94, 267 P. 672.

It follows that the motion to suppress the evidence was properly overruled, and that the defendant's demurrer to the state's evidence and his motion for a directed verdict of acquittal were both properly overruled.

The admissions against interest made by the defendant Boardwine were conclusive as to his guilt of the offense charged.

The record discloses no material error, and it appearing that the defendant had a fair and impartial trial, the judgment of the lower court is accordingly affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.