## DOUG McAFEE v. STATE.

No. A-9376.  Sept. 16, 1938.
(82 P. 2d 1006.)

Lew H. Akin, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Thos. C. Wyatt, Co. Atty., of Shawnee, for the State.

BAREFOOT, J. The defendant was charged in the county court of Pottawatomie county with the crime of having unlawful possession of intoxicating liquor, was convicted and sentenced to pay a fine of $250, and serve a term of 60 days in the county jail, and has appealed.

The contention of defendant is that the court erred in failing to sustain his motion to suppress the evidence secured by a search warrant. For a determination of this question it is necessary to briefly review the facts.

A search warrant was procured by the sheriff of Pottawatomie county on the 6th day of March, 1937, for the purpose of searching lots 1 and 2, block 3, Harrison avenue addition to the city of Shawnee, and the filling station and store located thereon; "together with all cellars, outbuildings, automobiles and other conveyances occupied and under the control of John Doe." The search warrant did not state who the owner was, or who was in possession of the premises, but did accurately describe them. While the search was being conducted, the defendant, coming from the south, drove his automobile in or near the premises that were being searched. The sheriff had secreted himself in the shadow of a building while his deputies were conducting the search of the premises. It was about 10 p. m. Upon seeing the defendant drive up in his car, the sheriff asked the defendant to get out and immediately searched the person of the defendant, but did not find any intoxicating liquor. Defendant was asked by the sheriff what he had in his car. His reply was: "He had a load of whisky." He then requested defendant to step into the room where other persons were being detained while the search was being made. The sheriff immediately looked into the window of the car and saw whisky on the floor boards and some on the seat. He saw six or eight pints, some wrapped and some unwrapped. He then took the keys out of the ignition and opened the turtle-back of the car and there found 90 pints

of bonded, tax paid whisky. The defendant was then taken by the sheriff and his deputies to the county jail where he was charged with the possession of intoxicating liquors, to wit: whisky.

A motion was made by the defendant to quash the search warrant and evidence taken thereon. At the trial the question was very much stressed as to whether defendant's automobile was located on the property described in the search warrant, or in the city streets. As we view the record the question of the legality of the search warrant or whether defendant's automobile was on the premises therein described is immaterial to a proper decision of this case. The evidence did not reveal that defendant was in any way interested in the premises searched, either as owner or in possession thereof. If this decision is to be affirmed, it is not on the question of the legality of the search warrant, but whether defendant committed an offense in the presence of the officers, and one which would permit them to search his automobile without the necessity of the issuance of a search warrant. To sustain his position on this point, the defendant, in his brief, cites the following cases: Keith v. State, 30 Okla. Cr. 168, 235 P. 631; Graham v. State, 31 Okla. Cr. 125, 237 P. 462; Whitford v. State, 35 Okla. Cr. 22, 247 P. 424; Wells v. State, 37 Okla. Cr. 305, 258 P. 285; Sowards v. State, 37 Okla. Cr. 431, 259 P. 157; Wallace v. State, 49 Okla. Cr. 281, 294 P. 198; Marple v. State, 51 Okla. Cr. 240, 1 P. 2d 836; Haltom v. State, 58 Okla. Cr. 117, 50 P. 2d 744. The state relies on the principles announced in the following cases: Miles v. State, 31 Okla. Cr. 4, 236 P. 907; Bynum v. State, 40 Okla. Cr. 352, 268 P. 993; Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Bullington v. State, 38 Okla. Cr. 214, 259 P. 876; People v. Cardella, 233 Mich. 505, 207 N. W. 141; State v. Quinn, 111 S. C. 174, 97 S. E. 62, 3 A.L.R. 1500. Applying the facts in the case at bar to the law as announced in the cited cases makes this quite a close case. There have been many decisions,

not only from this court, but from the other states, construing the statutes with reference to what constitutes the commission of an offense in the presence of the officers, giving them permission to search or arrest without the necessity of having a warrant. There is no doubt that under the decisions of this state, as announced in the cases above cited, the sheriff had no authority to search the person of the defendant as was done in this case. But as a result of this search nothing was found. The sheriff then asked defendant what he had in the car, and defendant informed him that he had a "load of whisky." Under this voluntary statement or admission of defendant, which is undenied in this case, the officer then had the right to arrest defendant and search his car. The officer looked through the glass into the car and saw lying on the seat and floor from six to eight pints of liquor, part of which was unwrapped. The turtle-back of the car was then raised and there was found ninety pints of bonded, tax paid whisky. Under the above circumstances we are of the opinion that an offense was committed in the presence of the officer and that the search and seizure was legal. In the case of Miles v. State, 31 Okla. Cr. 4, 236 P. 907, it is said:

"We think that, if a suspected person informed an officer that he is engaged in the commission of a misdemeanor, although the visual, auditory or olfactory proof is not evident, the officer is justified in acting on the information of the person suspected, although he cannot have the right to act on the information of any other person. Information by the person amounts to an admission, or to a waiver of knowledge derived through the ordinary senses." Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Bullington v. State, 38 Okla. Cr. 214, 259 P. 876.

One of the most recent cases decided by this court, and in which the facts are very similar to the facts in the case at bar, is Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081. The officers here found 18 pints of whisky in defendant's automobile. They had a search warrant

for certain premises but had no specific search warrant for the automobile. They observed the liquor in the car by looking through the window as the officer did in the instant case. His keys were taken from his person and the automobile searched. Judge Doyle, in the opinion, said:

"It appearing that the defendant being under lawful arrest, the officers had a right as an incident of that arrest to search his car and person where they saw him violate the law." Washington v. State, 37 Okla. Cr. 415, 259 P. 150; Bailey v. State, 39 Okla. Cr. 159, 263 P. 1114; Ellige v. State, 39 Okla. Cr. 262, 264 P. 220; Strickland v. State, 40 Okla. Cr. 94, 267 P. 672.

From the view above taken it becomes unnecessary to pass upon the validity of the search warrant. Finding no error in the record, we are of the opinion that the judgment of the county court of Pottawatomie county should be affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.