## JAMES ARNOLD v. STATE.

No. A-9666.   Sept. 11, 1940.
(105 P. 2d 556.)

204

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, James Arnold, was charged in the county court of Logan county with the offense of possession of intoxicating liquor, was tried, convicted and sentenced to serve thirty days in the county jail and pay a fine of $50 and costs; and he has appealed to this court.

The only assignment of error presented in the brief of the defendant is that the court erred in overruling the motion to suppress the evidence offered by the state for the reason that the search of the automobile of the defendant and the seizure of the liquors in question were in violation of the defendant's constitutional rights to be secure in his person, house, papers, and effects against unreasonable searches and seizures. Okla. St. Ann. Const. art. 2 § 30.

The proof on behalf of the state was that two highway patrolmen had stopped in a garage in the city of Guthrie to have some gasoline put in their automobile. While the officers were at the garage, the defendant drove up in his

automobile and stopped. The officers saw a liquid dripping out of the side of the defendant's car. The defendant backed his car out of the garage and parked it across the street. One of the officers went up to the place on the garage floor where the liquid had dripped, stuck his finger into the liquid, and put it to his nose and saw that it was whisky. The officers then went across the street to where the defendant had parked his car, and the liquor was still dripping out of the automobile. One of the officers stuck his finger in the liquor that was pouring out of the automobile, stuck it under the defendant's nose, and asked him what that was. The defendant did not say anything. The other officer went around on the left-hand side of the automobile and saw several packages of whisky in the car. The car was searched and about 25 pints of liquor were found in the car, together with several broken bottles. Three of the bottles of whisky were identified and introduced in evidence.

The defendant did not testify.

We have held in many cases that a peace officer, without a warrant, may arrest a person for any violation of the prohibitory laws committed in his presence and may seize any intoxicating liquor in the possession or immediate presence of the person arrested. Bullington v. State, 38 Okla. Cr. 214, 259 P. 876; Strategier v. State, 56 Okla. Cr. 11, 32 P. 2d 1054.

We have further held that an offense is committed or attempted "in the presence of an officer" within the meaning of the law, section 2780, O. S. 1931, 22 Okla. St. Ann. § 196, where such officer is apprised by any of his senses that a misdemeanor is being committed or attempted, or by information of such fact communicated by the person arrested prior to his arrest. Miles v. State, 31 Okla. Cr. 4, 236 P. 907; Love v. State, 51 Okla. Cr. 8, 299 P. 232.

In the case of Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549, 553, this court quoted from the case of People v. Case, 220 Mich. 379, 190 N. W. 289, 27 A. L. R. 686, as follows:

"There is no violation of the constitutional provision against search and seizure by the search, without warrant, of an automobile standing on a public fairground, and seizure of contraband goods in it evidencing that a crime is being committed. * * *

"The automobile is a swift and powerful vehicle of recent development, which has multiplied by quantity production and taken possession of our highways in battalions, until the slower, animal-drawn vehicles, with their easily noted individuality, are rare. Constructed as covered vehicles to standard form in immense quantities, and with a capacity for speed rivaling express trains, they furnish for successful commission of crime a disguising means of silent approach and swift escape unknown in the history of the world before their advent. The question of their police control and reasonable search on highways or other public places is a serious question far deeper and broader than their use in so-called 'bootlegging' or 'rumrunning,' which in itself is no small matter. While a possession in the sense of private ownership, they are but a vehicle constructed for travel and transportation on highways. Their active use is not in homes nor on private premises, the privacy of which the law especially guards from search and seizure without process. The baffling extent to which they are successfully utilized to facilitate commission of crime of all degrees, from those against morality, chastity, and decency to robbery, rape, burglary, and murder, is a matter of common knowledge. Upon that problem a condition and not a theory confronts proper administration of our criminal laws. Whether search of and seizure from an automobile upon a highway or other public place without a search warrant is unreasonable is in its final analysis to be determined as a judicial question in view of all the circumstances under which it is made."

In the case at bar, the undisputed facts were sufficient to warrant the officers in believing that intoxicating liquors were being transported in the automobile; and there was sufficient showing of an offense committed in the presence of the officers to justify the search and seizure of the liquor involved herein.

The judgment and sentence of the trial court should be, and is, accordingly, affirmed.

DOYLE, P. J., and BAREFOOT, J., concur.