## BILL DAVENPORT v. STATE.

No. A-9743.   Dec. 18, 1940.
(108 P. 2d 549.)

92

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., of Oklahoma City, for the State.

Glen O. Morris, of Oklahoma City, for defendant.

BAREFOOT, J. Defendant was tried in the court of common pleas of Oklahoma county upon a charge of unlawful possession of 220 pints of tax-paid whisky. A jury was waived, and he was tried before the court and found guilty, and his punishment assessed at a fine of $50 and 30 days in jail.

The facts were, defendant on the 16th day of February, 1938, drove his automobile into a public parking place in Oklahoma City. Police officers saw him drive therein, and they knew the number of his car. He left the car and went across the street to a restaurant. The police officers went to the parking lot and looked through the glass windows and into the car of the defendant and saw a great number of packages wrapped in brown paper, and which the officers recognized as being packages of whisky. Each package had the initials written thereon of the kind of liquor each contained. Those initials were "JEP," which stood for "James E. Pepper," "WF," which stood for "Waterfill Frazier," and "CK" which stood for "Cream of Kentucky," all known to the officers as standard brands of whisky. The officers, after seeing the packages of whisky on the floor of the automobile, went to the restaurant and arrested defendant. He was brought to the parking lot where the car was located, and the car was searched in his presence and 220 pints of intoxicating liquor were

found therein. Defendant admitted to the officers the possession of the whisky and that he had it for the purpose of sale.

For a reversal of this case it is contended that the search was made by the officers without a search warrant, and that the court erred in failing to sustain the motion to suppress the evidence upon which this conviction is based.

This court has recently had occasion to pass upon questions very similar to the one here involved which are decisive of this case. In the case of Hubert Nott v. State, 107 P. 2d 366, 70 Okla. Cr. 432, the facts were very similar to the case at bar. In that case the writer of this opinion based the decision upon the case of Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549, 554. In that case the police officers of the city of Enid by custom checked all cars parked on the streets of Enid between the hours of 10 and 11 o'clock each night to see if they were locked or had articles of value that might be stolen. They encountered defendant's car, which was locked. The officers saw a carton on the floor of the car labeled, "Paul Jones Whisky", and two or three other cartons beside it and saw a bottle in the car. The car was taken to the police station, and by using a wire, the door was opened and they found four quarts containing liquor. The defendant afterwards appeared at the station disclaiming ownership of whisky, but gave the officers the keys to the car and they unlocked the trunk and found five or six bottles of "Crab Orchard Whisky". A motion to suppress the evidence by reason of failure to have a search warrant was overruled, and Presiding Judge Doyle, after review of cases with reference to the right of officer to search an automobile without having a search warrant, said:

"In the case at bar, the undisputed facts and circumstances as testified to by the officers, were sufficient to warrant them in believing that intoxicating liquor was in the cartons and bottle laying on the floor of the automobile, and this was a sufficient showing of an offense committed in the presence of the officers, and the defendant admitted, while their investigation was in progress, that the trunk on the car contained whisky that belonged to him. The admissions against interest made by the defendant were conclusive as to his guilt of the offense charged.

"In view of the time, place, and all the circumstances under which this seizure was made, we are of the opinion there was no violation of the constitutional provision forbidding unreasonable searches and seizures."

The facts in that case are very similar to the facts in the instant case. The officers in the discharge of their duty observed through the windows of the car the whisky lying on the floor of the automobile. The car was taken to the police station and then opened and searched by the officers. Under these facts the judgment and sentence was upheld. See, also, Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; McAfee v. State, 65 Okla. Cr. 65, 82 P. 2d 1006; Coburn v. State, 70 Okla. Cr. ......, 106 P. 2d 533; Arnold v. State, 70 Okla. Cr......., 105 P. 2d 556; Morris v. State, 66 Okla. Cr. 384, 92 P. 2d 609; Morris v. State, 66 Okla. Cr. 358, 92 P. 2d 603; Skinner v. State, 65 Okla. Cr. 371, 87 P. 2d 341; Dean v. State, 63 Okla. Cr. 385, 75 P. 2d 900.

The above and many other cases were referred to in the Nott Case. It is unnecessary to cite these decisions again. We are of the opinion that when an automobile is parked on the public streets or in a public parking place, the officers of the law, in the performance of their official duty, should have the right to keep their eyes open and their senses alert, in the detection of crime that may be committed in their presence, and when they observe the

commission of a crime in their presence it is their duty to arrest the defendant committing the crime. The protection of the citizen from unlawful search and seizure in the exercise of his constitutional rights is proper, but to our mind a technical construction should not be placed on the provisions of the Constitution and statutes in order to protect one who willfully and in defiance of law uses his property for the very purpose of evading the law.

The judgment of the court of common pleas of Oklahoma county is therefore affirmed.

DOYLE, P. J., and JONES, J., concur.