### ELMER YOUNG v. STATE.

No. A-9745.   Jan. 7, 1941.
(108 P. 2d 1028.)

Glen O. Morris, of Oklahoma City, for defendant.

Mac Q. Williamson, Atty. Gen., and Phil E. Daugherty, Asst. Co. Atty., Oklahoma County, of Oklahoma City, for the State.

BAREFOOT, J. Defendant Elmer Young was charged in the court of common pleas of Oklahoma county with the

crime of illegally transporting intoxicating liquor. A jury was waived, and the defendant was tried before the court, found guilty, and his punishment assessed at a fine of $50 and confinement in the county jail for a period of 30 days, and he has appealed.

For reversal of this judgment it is contended that the court erred in failing to sustain a motion of defendant to suppress the evidence offered for the reason that no search warrant was had by the officer arresting the defendant. It is contended by the state that under the evidence it was not necessary for the officer to have a search warrant for the reason that a crime was committed in his presence, and that the arrest was justifiable without the necessity of having a search warrant.

The evidence revealed the defendant was arrested on East Twenty-Third street in Oklahoma City on the 8th day of April, 1938. On that date a snowstorm was raging, and there were heavy drifts of snow on Twenty-Third street. A truck had stuck in a snowbank, and many cars had been stopped, among them the automobile of the defendant. He, with a number of other persons, got out of his car and went up to where the truck was stuck and assisted them in pushing it through the snowbank. A short distance behind the defendant's car was the automobile of the sheriff of Oklahoma county and several of his deputies who also got out of their car and started to where the truck was stuck. They passed the car of defendant, and through the window of the car saw a number of packages of whisky wrapped in brown paper lying on the front seat of the automobile, and the back seat was piled almost to the top of the car. The cushion had been removed. When defendant returned to the car he was arrested and the whisky was taken possession of by the of-

ficers.  Defendant told them he had sold the liquor to a Mr. Morgan and was delivering the same.

On the motion to suppress the evidence, the defendant testified, but did not take the witness stand in the trial of the case before the court.  The officers testified to the facts as above stated.

In many recent decisions of this court we have held under similar circumstances that an officer was justified in searching the automobile of a defendant without the necessity of a search warrant where he could observe the liquor from the windows of the car.  The officers were upon the public highway where they had a right to be. They saw the car of the defendant with the packages of whisky therein.  Their experience as officers was such as caused them to know it was whisky.

It was revealed that there was in the car nine quarts, 96 half-pints, and 276 pints of assorted liquor.  The evidence was certain that it was being illegally conveyed by the defendant.  The punishment assessed by the court was the minimum provided by law.  He has no cause to complain, and the court did not err in overruling his motion to suppress.  Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Barfield v. State, 68 Okla. Cr. 455, 99 P. 2d 544; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; McAfee v. State, 65 Okla. Cr. 65, 82 P. 2d 1006; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Arnold v. State, 70 Okla. Cr. 203, 105 P. 2d 556; Brumley v. State, 69 Okla. Cr. 122, 100 P. 2d 465; Skinner v. State, 65 Okla. Cr. 371, 87 P. 2d 341.

The judgment of the court of common pleas of Oklahoma county is therefore affirmed.

DOYLE, P. J., and JONES, J., concur.