# HITCHCOCK v. STATE.

No. A-11498. Nov. 28, 1951.

(238 P. 2d 379.)

W. O. Moffett, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error, Harold L. Hitchcock, defendant below, was charged by information in the county court of Tulsa county, with the offense of possession of intoxicating liquor, Title 37, § 31, O. S. 1941, to wit: 8 pints of Seagrams, 4 one-fifths of Seagrams, 6 pints of Sunny Brook, 8 pints of Ancient Age, 2 pints of Old Forester, 3 one-fifths of Belmont, 1 one-half pint of Belmont, all taxpaid whiskey. The crime was alleged to have been committed on November 1, 1949. The offense was alleged to have been committed in Tulsa, in the 1400 block on 6th Street. The defendant waived a jury trial, was tried by the court, found guilty, and his punishment fixed at 30 days imprisonment and a fine of $50. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The defendant filed a motion to suppress the evidence. On February 13, 1950, hearing was had thereon. The defendant's principal contention is predicated on the evidence offered in support of the motion to suppress on the grounds of an unlawful search and seizure. The facts on the motion to suppress were in substance as follows. Deputy Sheriff Rains called by the defendant in support of the motion, testified that some one placed a telephone call to a man by the name of P. B. Lawson. The call was made from the 1400 block on 6th Street where the whiskey was to be delivered. The officers waited and saw the defendant known by Rains to drive up and park his automobile. Hitchcock got out and went into an apartment house. Officer Rains said he went over and looked in the defendant's car where he saw whiskey, some on the floor in front of the back seat and some in a box on the back seat partially covered with a blanket. There were several bottle tops exposed, bearing the United States

stamp tax. Rains said he called the other two officers over and they saw it too. Then two of the officers went to the apartment house and returned with the defendant in custody. Thereafter they searched the car and seized the whiskey. Deputy Sheriff John Bell testified to substantially the same facts. He said there were approximately 2 cases of whiskey in the automobile. Officer Ray Bradshaw testified his evidence would be substantially the same as that of the other officers' testimony. On this evidence the trial court overruled the motion to suppress.

The trial court's action in overruling the motion to suppress was in keeping with the authorities in similar cases. It has been consistently held that when the officers are where they have a right to be, as on a public street, and they observe taxpaid liquor in an automobile in violation of law, a misdemeanor has been committed in their presence and they have the right to arrest the owner and search the automobile and seize the liquor without a search warrant. Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716; Davenport v. State, 71 Okla. Cr. 91, 108 P. 2d 549; Young v. State, 71 Okla. Cr. 112, 108 P. 2d 1028; Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Sands v. State, 36 Okla. Cr. 55, 252 P. 72. The most recent case in point is that of Uhles v. State, 94 Okla. Cr. 167, 232 P. 2d 413, holding in effect that, where an officer or officers see liquor, in violation of law in an automobile parked on a public highway or street, they have the right to search the automobile without a warrant, seize the same, and arrest the defendant for a misdemeanor committed in their presence.

The case came on for trial on July 13, 1950. The evidence was substantially the same as on the motion to suppress except that Roy Rains, Roy Bradshaw and Walter Whisenhunt testified for the state. Mr. Rains described the liquor seized in the defendant's automobile as it was described in the information. The defendant offered no evidence in his behalf. Therefore his second contention as to the sufficiency of the evidence is wholly without merit. For all the foregoing reasons the judgment and sentence is accordingly affirmed.

JONES and POWELL, JJ., concur.