## HARRELL v. STATE.

No. A-11784.   Sept. 16, 1953.

(261 P. 2d 476.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Baxter Lee Harrell, was charged by an information filed in the county court of Kiowa county with the illegal transportation of intoxicating liquor; was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $50 and has appealed.

Defendant contends in his brief that the trial court erred in overruling his motion to suppress evidence. At the time the motion was heard only one witness testified. Archie L. Bird, highway patrolman, testified that on the night of January 19, 1952, he and Patrolman Carl Neuenschwander were sitting in their patrol car parked near a tavern at the south end of the town of Snyder. The defendant's home was only a short distance from the beer tavern. While they were sitting in the patrol car they saw a drunk woman cross the highway and walk in the direction of defendant's house. Shortly thereafter they observed a car being driven with the lights off from the defendant's driveway into the driveway of the beer tavern. This car passed the beer tavern and drove on to the main highway and as it did so, the lights were turned on. The officers started following the automobile but did not know who was driving it. The officers followed at a distance of about two or three blocks behind the automobile which, it later developed, was being driven by the accused. About a mile down the highway the defendant made several different hand signals as he approached a country road and finally turned off the highway onto the country road and stopped within about 30 feet of the highway. The patrolmen also turned their car off the highway and as they did so they saw a half-pint bottle of whiskey rolling in the bar ditch. The patrolman testified that they did not stop the defendant, neither did they use any lights or signal or turn on the siren or give any other indication to him that they were officers. After the patrol car stopped parallel to defendant's car, the patrolman Bird testified that he walked to the defendant's car, turned his flashlight on the car, and saw several half-pint bottles of whiskey lying on the floor. The defendant was arrested, the car was searched, and eight half-pint bottles of whiskey were found. Also two half-pint bottles of whiskey were found in the bar ditch where the officers had seen one of them rolling at the time they turned on to the country road.

The officers had no warrant for the arrest of the accused and no search warrant for his automobile. It is contended that the search was an unreasonable search in violation of the State Constitution, Art. 2, Sec. 30.

In the case of Hitchcock v. State, 95 Okla. Cr. 20, 238 P. 2d 379, this court held:

"When officers are where they have a right to be, as on a public street, and they observe taxpaid liquor in an automobile in violation of law, a misdemeanor has been committed in their presence and they have the right to arrest the owner and search the automobile and seize the liquor without a search warrant."

In Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366, 367, it was held:

"Whether search of, and seizure from, an automobile upon a public street without a search warrant, is reasonable is in its final analysis to be determined as a judicial question, in view of all the circumstances under which it is made.

"The constitutional provision against unreasonable searches and seizures does not preclude the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye.

"An offense is committed or attempted 'in the presence of an officer', within meaning of the statute providing that a peace officer may, without a warrant, arrest a person for a public offense, committed or attempted in his presence, where such officer is apprised by any of his senses that a misdemeanor is being committed by the person arrested prior to the arrest."

There are many other cases to the same effect. Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549; Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716; Sands v. State, 36 Okla. Cr. 55, 252 P. 72; Taylor v. State, 89 Okla. Cr., 370, 208 P. 2d 185, 188.

In Taylor v. State, supra, it is stated:

"The officer by aid of his search light could detect the presence of whiskey in the automobile without ever undertaking to make a search. When he did detect the whiskey in the automobile it was then his duty as such officer to search the automobile, impound it and seize the liquor."

The court did not err in overruling the motion to suppress evidence. The judgment and sentence of the county court of Kiowa county is affrimed.

POWELL, P. J., and BRETT, J., concur.