CULVER, Appellant, v. BURNSIDE et al, Respondents.

(190 N. W. 804.)

(File No. 5149.    Opinion filed November 28, 1922.)

1.  **Arrest—Intoxicating Liquors—Peace Officers—Arrest Authorized Without a Warrant When Defendant Found in Possession of Intoxicating Liquors.**

    Under Rev. Code 1919, Sec. 4553, authorizing a peace officer to arrest without a warrant for a public offense committed in his presence, and Section 10299, relative to the possession of intoxicating liquors, an arrest without a warrant was authorized where officers while in defendant's house saw him in possession of intoxicating liquors.

2.  **Intoxicating Liquors—Evidence—Criminal Law—Possession for Cooking Purposes Unlawful.**

    Under Rev. Code 1919, Sec. 10299, the possession of intoxicating liquor for cooking purposes is just as unlawful as possession for sale or for use as a beverage.

Appeal from Circuit Court, Minnehaha County; HON. L. L. FLEEGER, Judge.

Action by J. G. Culver against George W. Burnside and others. From a judgment and order in favor of defendants, plaintiff appeals. Affirmed.

*Danforth & Barron,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls, for Respondents.

Appellant cited: State v. Brown (S. D.), 167 N. W. 400; Sec. 10329, Sec. 10336, Code 1919; Gamble v. Keyes (S. D.), 153 N. W. 888; Pinkerton v. Verberg, 44 N. W. 579.

Respondents cited: Sec. 7, Ordinance No. 800, City of Sioux Falls; City of Sioux Falls v. Walser (S. D.), 187 N. W. 821; Sec. 10299, Code 1919; State v. Madison, 23 S. D. 584; Sec. 10278, Code 1919, as amended by Laws 1919, ch. 245; U. S. v. Borkowski, 268 Fed. 408.

POLLEY, J. This cause was formerly here on appeal from an order overruling a demurrer to the complaint, and is reported in 43 S. D. 398, 179 N. W. at page 490.

The action was brought for the recovery of damages for false imprisonment. Plaintiff alleges in his complaint that the defendants unlawfully, maliciously, by force and with intent to injure plaintiff, compelled him to go with them to the police station in the city of Sioux Falls, and there detained him and restrained him of his liberty for the period of one hour without any right or authority so to do; and that defendants willfully and maliciously, and with intent to injure plaintiff, caused the fact of plaintiff's arrest to be given wide publicity through the newspapers of the state. Defendants admit that they arrested and detained plaintiff for a period of time, and admit that such arrest was made without a warrant, but justify their acts on the ground that they were peace officers at the time of the arrest, and that the arrest was made for a public offense committed in their presence.

At the close of plaintiff's testimony, the court directed a verdict for the defendants on the ground that the evidence was not sufficient to warrant a verdict against the defendants. Judgment was entered dismissing the action at plaintiff's cost; and plaintiff appeals.

[1]   To quote from appellant's brief:

"The sole and only question is whether under the Constitution and the statutes of South Dakota, the defendants had a right to arrest and take in custody and hold the plaintiff under the circumstances as appeared by the evidence in the case."

This reduces the case to the single question: Did the circumstances, as they existed at the time in question, justify the respondents in making the arrest without a warrant? Section 4553, Revised Code 1919, provides that:

"A peace officer may, without a warrant, arrest a person; * * * for a public offense, committed or attempted in his presence."

At the time of the arrest the defendant Burnside was mayor of the city of Sioux Falls, and the other three defendants were regular members of the police force of that city, and that they were peace officers within the meaning of section 4553 does not seem to be disputed.

Section 10299, Revised Code, provides that:

"The keeping, storing or giving away of intoxicating liquors, or any shift or device whatever to evade the provisions of this article, shall be deemed unlawful within the provisions of this article, and shall be punished as unlawful selling is punished."

The language of this section is so plain that there can be no doubt of its meaning. In the plainest terms it makes the possession of intoxicating liquors under the circumstances shown in this case unlawful.

[2]   The arrest complained of was made in the basement of appellant's dwelling house in the city of Sioux Falls. There was in the room where the arrest was made, and at the time of the arrest, a considerable quantity of homemade beer and wine, both of which had been made by appellant and which he testified he had made. Both of these liquors had a sufficient alcoholic content to make them intoxicating. The beer at least was made and kept for the sole purpose of being used by appellant and his family and his friends as a beverage. He testified that the wine was made to be used for cooking purposes, but the statute makes no exception of intoxicating liquors to be used for cooking purposes, and it is just as unlawful to keep it for that purpose as it is for sale or for use as a beverage. The keeping of these liquors

by appellant constituted the commission of a public offense. The respondents were there in the basement of appellant's house where these liquors were stored, and saw the appellant there in possession of the same. This constituted the commission of a public offense within the meaning of section 4553, and under the terms of that statute respondents were fully warranted in making the arrest. There is no fact or circumstance in the case that indicates that respondents were prompted by malice, or that they in any manner exceeded their plain duty.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 804. See American Key-Numbered Digest, (1) Arrest, Key-No. 63(3), 5 C. J. Secs. 28 and 31, 8 R. C. L. 447; (2) Intoxicating Liquors, Key-No. 131, 23 Cyc. 174.

For authority of officer to make an arrest for a breach of peace committed in his presence without a warrant, see note 51 L. R. A. 205.