Herman GRAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15279.

Court of Criminal Appeals of Oklahoma.

March 4, 1970.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Herman Gray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Robbery with Firearms After Former Conviction of a Felony. He was sentenced to serve ten years in the state penitentiary at McAlester, Oklahoma, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that Wilma J. Faulkender operated the Quik Sak Grocery Store at 1116 N.E. 23rd in Oklahoma City. She testified that on September 4, 1968, at about 10:50 p. m., a man, whom she identified in court as defendant, entered, removed a can of beer from the cooler, approached her at the check stand, put a pistol on her and demanded the money. She handed him approximately $50.00, and he took the same, turned and ran. An employee, Christopher Shelton, was there at the time, standing beside the check stand. She further testified that defendant wore a greenish blue shirt with a lady's stocking over his head, and he appeared to be drunk.

Christopher Shelton, 16 years old, worked at the grocery store on that date and testified that defendant was the man who entered the store. He saw defendant go to the beer case and open it by the right door handle and select a can of beer. He also saw defendant, in profile, as he put the gun on Mrs. Faulkender and took her money. He, too, testified that defendant appeared to be drunk.

Officer Burke of the Oklahoma City Police Department, testified that he lifted two fingerprints from the right door handle of the beer cooler shortly after the robbery on September 4, 1968. The prints matched known fingerprints of defendant.

Officer Acox, of the Oklahoma City Police Department, testified that he arrested defendant in an automobile about 26 hours after the robbery. State's Exhibit 1 was the pistol he found in the car after arresting defendant.

Defendant testified in his own behalf that he was in the Quik Sak Grocery between 6:00 and 7:00 p. m. on September 4th and bought some cigarettes, orange juice and beer, but denied being there between 10:45 and 11:00 o'clock and denied robbing the place.

Willie Thompson testified that defendant was at his house between 10:30 and 11:00 p. m. on September 4, 1968.

On appeal it is first contended that the evidence is insufficient to support the verdict of the jury. From the foregoing recital of facts, it is readily apparent that the evidence offered on behalf of the State, although in sharp conflict with the evidence offered on behalf of defendant, was sufficient, if believed, to support the verdict of the jury. We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different infer-

ences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Music v. State, Okl.Cr., 396 P.2d 894 and Hudson, State, Okl.Cr., 399 P.2d 296. In accordance with the authority above set forth, we are of the opinion that this assignment of error is without merit.

It is next contended that the punishment imposed is excessive. We need only observe that the punishment imposed was well within the range provided by law, the record is free of any error which would justify modification or reversal and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, Affirmed.

BRETT, P. J., and NIX, J., concur.