**Barnell HACKETT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16093.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1970.

Don Anderson, Public Defender, for plaintiff in error.

No brief from Attorney General.

## MEMORANDUM OPINION

BUSSEY, Judge.

Barnell Hackett, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Carrying a Firearm, After Former Conviction of a Felony; his punishment was fixed at five years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on March 19, 1970, Officer Hoklotubbe observed an automobile driven by the defendant traveling at a high rate of speed. The officer stopped the car and removed the defendant and Cledieth Hampton from the car. The officer informed the defendant he was under arrest for speeding. A fellow policeman, Officer Campbell, searched the car and found a loaded .32 caliber pistol under the front seat on the passenger's side. Officer Campbell noticed Hampton lean forward and down as he approached the vehicle (T 21). The former conviction was stipulated to by the parties as a final conviction with the defendant having been represented by counsel, and was admitted without objection.[1]

The defendant testified that as he was driving home, Hampton waved him down and asked for a ride home. He accepted the request and was stopped by the police enroute to Hampton's home. He denied any knowledge of the pistol and did not know it was in the car.

Officer Hoklotubbe was recalled, in rebuttal, and testified that he advised the defendant and Hampton of their rights at the scene; that both parties disclaimed any knowledge of the pistol; and that they had been shooting pool at a bar some two to four hours prior to the arrest.

There are several assignments of error urged on appeal, none of which possess sufficient merit to warrant discussion in this opinion. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See Gray v. State, Okl.Cr., 467 P.2d 518; Music v. State, Okl.Cr., 396 P.2d 894.

---

1. Since this case was tried prior to Berry v. State, Okl.Cr., 476 P.2d 390 (not retroactive before July 1, 1970), and a request was not made for a two-stage proceeding, it does not constitute reversible error, nor presents no issue for review on appeal.

In conclusion, we observe that the evidence supports the verdict of the jury; the punishment imposed was well within the range provided by law; the record is free of any error which would justify modification or reversal; and for those reasons, the judgment and sentence is hereby affirmed.

BRETT, P. J., concurs in result.

*NIX, Judge (specially concurring).*

I concur in the decision reached by Judge Bussey, but question the validity of the search and seizure, and had it been raised, a serious question would have been presented, especially in view of Fields v. State, Okl.Cr., 463 P.2d 1000. However, the question was not raised, and therefore not properly before us.