**Fred Arlie BUCHANAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15358.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

See also Okl.Cr., 451 P.2d 17.

Don Anderson, Public Defender, Fred Arlie Buchanan, pro se, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder and Grayson P. Van Horn, Asst. Attys. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Fred Arlie Buchanan, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Assault and Battery with a Deadly Weapon with Intent to Kill; his punishment was fixed at ten years imprisonment; and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on February 18, 1967, Burdene Buchanan, the defendant's estranged wife, was living with her six children at

2122 Southwest 11th in Oklahoma City. She testified that the defendant came to her home and demanded entrance, which was refused. He then broke the glass door and started shooting. She was shot four times, once in the chest and three times in the back as she tried to get away. She denied making any threats toward the defendant prior to the shooting.

Louella Freeman, a neighbor, testified that the defendant came to her house and told her to call an ambulance. He also stated that he had shot his wife. She went to Mrs. Buchanan's house and observed the glass from the front door on the side floor of the home.

Officer Venard was dispatched to the scene and found Mrs. Buchanan lying on the bed in a semi-conscious state. She stated that the defendant had shot her. The defendant then remarked: "Yes I shot her, I wish I had killed her." (CM 37).

The defendant testified that he went to his wife's home to see about the children. He observed her embracing Bob King. He bumped the glass door with his shoulder and shot at Bob King. His wife threw a hammer at him and threatened to kill him. The hammer broke the remaining glass from the door. He, at this time, fired at his wife. He denied making the remark to the officer that he wished he had killed her.

The defendant's first proposition alleges that the verdict is not supported by the evidence. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We find this proposition to be without merit.

The final proposition contends that the punishment is excessive. We need only observe that the punishment imposed was well within the range provided by law. We, therefore, find this proposition to be without merit.

The defendant has filed a pro se supplemental brief alleging the trial court admitted incompetent evidence and that he was represented by inadequate and ineffective counsel. We are of the opinion that these allegations are patently frivolous.

The record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.