**Sylvester GORDON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16188.**

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Sylvester Gordon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma for the offense of Robbery with a Dangerous Weapon; his punishment was fixed at one hundred and one (101) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on February 23, 1970, Tom Granton, age 86, operated the Sugar Bowl on North Lincoln in Oklahoma City. He testified that at approximately 9:00 p. m. he left the business and went to his trailer house across the street. He opened the door to let his dog in, and was approached by two women and a man who asked him to call them a cab. He completed the call and one of the women asked to use his restroom. He attempted to shut the door when the man forced the door open, striking him near the eye. The man, identified as the defendant, put a long knife on his throat and said: "I've a good mind to cut your head off * * * this is a robbery." (Tr 7). One of the women searched about the trailer. The defendant searched the victim's pockets and struck him on the head several times with some type of instrument. He lost consciousness and when he came to he discovered four boxes of cigarettes and several pennies missing. The defendant had been in his place of business several times prior to the date in question.

Charles Butler testified that he lived within four blocks from Granton's trailer and at about 10:30 p. m. the defendant and two women came to his house and asked to use the phone. They asked him if he would drive them home. He agreed to do so and on the way stopped for gas, for which the defendant paid with fifty pennies. He observed a box in the car containing cartons of cigarettes. He returned by Granton's trailer and observed him standing in the door bleeding. He had also observed the defendant and the woman at the Sugar Bowl on prior occasions.

Officer Able answered the call to Granton's trailer and observed a gash on his head.

The defendant testified that he was released from the state penitentiary on January 15, 1970, and was employed at a restaurant in Penn Square. He denied ever being in the Sugar Bowl and denied the crime itself. He admitted knowing the co-defendant, Sue Washington, having become acquainted with her brother in prison. He admitted to several prior felony convictions in Oklahoma and California.

The defendant's sole allegation of error contends that the sentence was excessive. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there was a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

We are of the opinion that from the foregoing recital of facts that the sentence imposed does not shock the conscience of this Court and is within the range provided by law.

In conclusion, we find that the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.