**Benny Ray WALL, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defendant In Error.**

**No. A–15435.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Benny Ray Wall, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the offense of Rape in the First Degree; trial was had by a jury which found him guilty of the offense of Rape in the Second Degree; his punishment was fixed at ten years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that the prosecuting witness, Linda LaDawn Cross, was 17 years old and had known the defendant three days prior to March 24, 1969. She had met him at the home of his relative, Jimmy Moore, whose wife Marla was her girlfriend. She had made her age known to defendant and he, in turn, told her he was 22 years old. She and the defendant had dated on each of the three days of their acquaintance and the defendant on each date proposed that they marry, but she told him she did not

know him that well. She had her third date with defendant on Sunday, March 23, 1969, and they were visiting Jimmy and Marla Moore. Linda was supposed to go to work at 10:00 p. m. and asked the defendant to drive her, but he ignored her request. Around midnight, or 12:30 a. m., she and the defendant left in his car. He drove around aimlessly and eventually wound up at a lover's lane near 79th and Eastern. She testified that the defendant assaulted her. "I fought him off about fifteen minutes, maybe thirty minutes; I tried." (R 16). The defendant eventually overcame her, pulled her panties off and accomplished sexual intercourse in the front seat of the car. The defendant begged her not to tell, but when she got home she told her mother, who called the police. She admitted having dated one Orbin Ray Fullbright on a double-date with Jimmy and Marla, but denied having sexual intercourse with him or any other person prior to defendant's assault.

Charlene Morgan, the victim's mother, testified that about 3:00 a. m. Linda came home disheveled in appearance, and said that she had been raped by the defendant. She called the police and then took Linda to the hospital.

Dr. Rollins, a resident in Obstetrics and Gynecology at St. Anthony Hospital, testified that at 6:15 a. m., March 25, 1969, she examined Linda and observed a bloody type drainage through the vagina and a laceration at the seven o'clock position in the hymeneal ring; that she estimated this occurred within the past six or eight hours. She also found dead sperm in the vagina. Since the hymeneal ring was intact, except for the laceration, her opinion was that Linda was virginal prior to the reported assault by defendant (R 83). Linda's panties were not torn. The doctor's opinion was that Linda had had recent sexual intercourse.

Defendant testified that he was 22 years old and had known Linda three days, having a date with her each day. She agreed, on the second date, to marry him. He ad-mitted the sexual intercourse on the third date that Linda testified about, but that it was entirely voluntary on her part. He testified she had voluntarily had sexual intercourse with him also on the first and second dates. He knew that Linda was 17 years old and thought she was "pretty close" to being a virgin—I could tell that." (R 129). He admitted three prior felony convictions and that he had recently been released from the penitentiary.

Jim Lee Moore, defendant's nephew, testified that during the evening of March 24th, while defendant and Linda were visiting in his home, Linda announced that she and defendant were going to marry. He also testified that earlier on a double-date, Linda's date being Orbin Ray Fullbright, he observed her and Fullbright in a compromising position in the rear seat of an automobile. After being surprised in the situation, Linda started putting on what appeared to be a pair of panties.

Orbin Ray Fullbright testified that he had had a number of dates with Linda, always double-dates, but that he had never had sexual intercourse with her.

The defendant's first proposition alleges that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We, thus, find this proposition to be without merit.

The final proposition contends that the punishment is. excessive. We need only observe that the punishment imposed is well within the range provided by law and does not shock the conscience of this Court.

In conclusion, we observe that the record is free of any error which would justify modification or reversal, and are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.