Leroy HUFF, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15440.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Carpenter Hughes, Hobart, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Leroy Huff, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kiowa County for the offense of Assault with a Deadly Weapon with Intent to do Bodily Harm; his punishment was fixed at four (4) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on March 4, 1969, John Kibble was shot at the defendant's place of business in Snyder, Oklahoma. Kibble testified that he had gone to the defendant's business to discuss digging outdoor restrooms; that when the defendant returned that as he was leaving the business, he turned around and the defendant shot him. He denied having any weapon of any kind and was not attacking the defendant at the time the shot was fired. The defendant had advised him earlier to remove a bottle of wine from the premises.

Dr. Hogaboom treated Kibble at the Clinton Hospital. He described the gunshot wound in the right middle cheek, as being that from a .32 caliber bullet.

Paxton Gray was sitting in a car in front of the defendant's place of business. He heard a gunshot and observed a pistol in the defendant's hand. The defendant was cocking the pistol and letting the hammer down. He asked the defendant to not shoot any more. He did not see any weapon in Kibble's hands.

George Taylor was sitting on a bench on the outside of the business. Kibble walked outside the door and he heard a gunshot. He did not see anything in Kibble's hands.

The defendant testified that he went to his business after running errands and saw Kibble and a white man with some wine. He advised Kibble to take the wine and leave. He took his wife home and returned to find Kibble still there. Kibble was again advised to leave and he refused, saying it was a public place. Kibble eventually went out to the porch and then returned and started back into the house with his hand in his pocket and the defendant shot him. He testified that he did not intend to kill Kibble, but rather to protect himself.

Ira Young was at the defendant's business on the day in question. He testified that he heard the argument between the defendant and Kibble concerning the wine. He did not see the defendant's gun, but did observe some kind of knife in Kibble's back pocket.

The defendant's sole proposition of error asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

In conclusion, we observe that the record is free of any error which would justify modification or reversal; the punishment imposed is within the range provided by law, and under such circumstances the judgment and sentence should be, and the same is hereby, affirmed.