**Marvin GRIFFIN and James Edward Price, Plaintiffs in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15693.**

Court of Criminal Appeals of Oklahoma.

March 10, 1971.

Don Anderson, Public Defender, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Max Martin, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Marvin Griffin and James Edward Price, hereinafter referred to as defendant Griffin and defendant Price, were charged, tried, and convicted in the District Court of Oklahoma County for the offense of BURGLARY in the Second Degree, After Former Conviction of a Felony; the defendant Griffin's punishment was set at seventeen (17) years imprisonment, the defendant Price's punishment was set at ten (10) years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on September 16, 1969, Portwood Williams lived at 1824 N.E. 52nd Street in Oklahoma City, Oklahoma. He went to work about 7:55 a.m. after locking the house. After receiving a telephone call, he returned home about 9:45 a.m. and discovered his front door open and that his color TV set had been moved from the rear of the house to within three or four feet from the front door. He discovered that a screen had been removed from a rear window and the window had been raised. He observed a foot print on a bed in the back bedroom and that one-half dollar was missing.

Dorothy Thompson testified that she lived directly across from Mr. Williams. She observed a Cadillac, occupied by two colored men, at approximately 9:00 a.m., park in front of her drive. The passenger of the automobile rang the door bell at the Williams' residence and then returned to the car which drove off. The car returned and stopped in front of Williams' house. The passenger again rang the door bell and the driver went around the side of the house. She saw the driver appear on the inside of the house at the front door and admitted the passenger. She then called the police and continued to observe the house. After about five minutes, one of the subjects came out and backed the car into the Williams' driveway and raised the trunk lid. The police arrived shortly thereafter and brought the two subjects, whom she identified as the defendants, to the front of the house.

Officers Beatty and Timmons answered the call to the Williams' residence. They

observed defendant Griffin standing by the car and go into the house. The officers proceeded in opposite directions around the house and observed both defendants running toward the back fence where they were arrested. They discovered the screen removed from the back window and the window broken from the outside.

Defendant Griffin testified that he received a telephone call from a Danny Williams that morning to go to 1824 N.E. 52nd Street to pick up a T.V. set for a garage sale. The caller stated that if no one was home to go ahead and pick up the set. He rang the door bell and got no answer. They verified the address with someone in the neighborhood and returned. He rang the door bell again and looked at the back of the house. He returned to the front and noticed the T.V. set by the front door. He called the defendant Price to help carry it. They decided that the T.V. was too heavy to carry in the car without being tied. Price went to the back yard to look for rope and he looked inside the car. He was going to the back yard when the police arrived. He denied running from the police and entering the residence through the rear window. The defendant Price did not testify. The previous convictions were stipulated to by the parties.

The defendants' first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

The final proposition contends that the punishment was excessive. The defendant Price's punishment of ten years was the minimum permissible by law. Two prior convictions were introduced as to the defendant Griffin. We need only observe

that the punishment imposed was well within the range provided by law and does not shock the conscience of this Court.

In conclusion we observe that the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.