**Arthur BERNAL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15747.**

Court of Criminal Appeals of Oklahoma.

March 10, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Arthur Bernal, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree; his punishment was fixed at two years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on April 20, 1969, Bill Motley operated a clothing store in Oklahoma City. He testified that he went to the store that morning and discovered a plate glass window had been broken by a large rock. A showcase had also been broken and merchandise had been scattered about.

Billy Preston testified that he was employed as a maintenance man for the building complex. At about 7:30 a. m. he heard a crash of a breaking window and ran to the scene. He observed a man, whom he identified as the defendant, standing by the broken window. He yelled and the defendant ran. Another man carrying clothing jumped through the window and fled. He

watched the subjects drive off in a late model blue automobile and obtained part of the license number.

Leonard Lloyd Houston testified that he had borrowed the defendant's car and that he alone had committed the burglary. The defendant did not testify.

The defendant's first proposition alleges that the verdict is not supported by the evidence. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant is guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518.

The final proposition contends that the punishment is excessive. We shall not deal further with this proposition, suffice it to say that the punishment imposed was the minimum allowed by law.

The record is free of any error which would justify modification or reversal and we are therefore of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.