**Felix ADAMS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16236.**

Court of Criminal Appeals of Oklahoma.

May 5, 1971.

Curtis A. Parks, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Felix Adams, hereinafter referred to as defendant, was found guilty at a non-jury trial in the District Court of Tulsa County of the offense of Burglary in the Second Degree, his punishment was fixed at three years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the parties at the trial stipulated that if Andy Anderson was called as a witness he would testify that on January 22, 1971, he was the owner of the Anderson Supply Company. That on the day in question this company was burglarized. He lost four television sets and a roll of dimes and a roll of pennies. That the two rolls offered in evidence were the same as those taken from his store, identifiable by the unusual wrappings. Further, that he did not give anyone permission to enter his place of business.

Officer Bowen testified that at approximately 3:26 A.M. on January 22, 1971, he turned into the alley way behind Anderson's Store and observed a colored man run from the back door of the store and further observed a box, T.V., and tire tool outside the door. He radioed the description of the subject and shortly thereafter observed a man fitting that description in

Officer Langley's car. He called Mr. Anderson and learned that two rolls of coins were missing.

Officer Langley testified that after receiving a description of a burglary suspect on the radio he observed a person fitting that description walking pretty fast across the 11th Street bridge which was ten blocks from Anderson's Store. He arrested the person whom he identified as the defendant, searched him and found the two rolls of coins which were introduced into evidence. He advised the defendant of his rights against self-incrimination and the defendant stated he understood his rights. The defendant first gave a fictitious name and said his car had broken down and he was walking home. The defendant later gave his true name and admitted that he was at the scene of the burglary and gave the names of several people that were with him and a description of an automobile.

Detective Vickers testified that he advised the defendant of his constitutional rights and the defendant signed a rights waiver. The defendant stated he had made the names of the other persons up and said he was at the vicinity of the offense looking for a job. All the officers testified that the defendant was not struck by them or coerced or harassed in any manner.

Larry Smith testified for the defendant that sometime around the middle of January he was with the defendant in Okmulgee. He could not recall the exact date.

The defendant testified that on January 21st he was in Okmulgee with Larry Smith. That he missed his ride home and started walking down the highway. He was picked up by a passing motorist who let him out at the corner of Union and S. W. Boulevard around 2:30 A.M. on January 22nd. As he was walking down the street he slipped and found the two rolls of money, he picked them up and put them in his pocket. He was walking across the bridge and was stopped by a police car and accused of participating in a burglary. He tried to explain he wasn't involved and the officers continued to insist he was lying and struck him several times. Because of the beating he made up the story about the two other men and the automobile. He testified that he did not remember signing the rights waiver or making a statement to Detective Vickers. He did not commit the burglary or assist others in the participation of such. He admitted convictions for Petit Larceny, Malicious Mischief and Tampering With a Vehicle.

■ The sole proposition of error contends that the verdict was not sustained by sufficient evidence. It has long been the law of this State that a judgment of the Court trying a criminal case without a jury, reasonably supported by evidence will not be disturbed. Bullington v. State, 38 Okl.Cr. 214, 259 P. 876 (1927). We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. In the instant case the defendant elected to be tried by a Judge rather than a jury. The judge thus had the same province of the jury to weigh the evidence and determine the facts.

■ In conclusion we observe that the evidence amply supports the verdict, the punishment imposed is well within the range provided by law, the record is free of any error which would justify modification or reversal, and under such circumstances we are of the opinion that the judgment and sentence should be and the same is hereby affirmed.

NIX and BRETT, JJ., concur.