**Clyde Joseph EDDY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17293.**

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

H. Tom Hendren, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kay Karen Kennedy, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Clyde Joseph Eddy, hereinafter referred to as appellant, was charged, tried and convicted in the Municipal Criminal Court of the City of Tulsa, Oklahoma, for the offense of Driving While Under the Influence of Intoxicating Liquor; his punishment was fixed at twenty (20) days in the Municipal Jail and a fine of One Hundred Dollars ($100.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial the parties stipulated as to venue and that the appellant took a breatholyzer test at approximately 8:07 p. m., wherein the appellant's blood alcohol concentration was found to be .15 percent weight per volume.

Zelda Dodd testified that at approximately 6:00 p. m. on January 16, 1971, she stopped at a stop light at 41st and Peoria Streets in the City of Tulsa. Her vehicle was struck from the rear by a vehicle driven by the appellant. She got out of her car and walked to the appellant's vehicle and asked him to pull over where they could exchange information. The appellant said " 'Okay' and 'You go ahead and I'll be there.' " (Tr. 9–10) She pulled her car into the driveway of a service station and observed the appellant's vehicle was still sitting in the street. She went back to his car and again asked him to pull over and exchange information. The appellant stated, " 'I didn't hit you.' " and " 'Okay, don't worry about it.' " She stepped back from the side of his vehicle and the appellant drove away. She testified that the appellant slurred his words, his eyes were red and that, in her opinion, he was under the influence of alcohol. She returned to the filling station and called her husband at work. While waiting at the filling station, Kenneth Siler came up and stated that he had followed the appellant's car. Officer Johnson of the Tulsa Police Department arrived and after discussing the situation, she accompanied Officer Johnson to the appellant's house arriving at approximately 6:30 p. m. The police officers knocked on the door and a lady answered the door. Some time later a man arrived and finally the appellant came out of the house at approximately 7:15 or 7:30 and she placed him under arrest.

Kenneth Siler testified that at approximately fifteen minutes until six o'clock on the day in question, he was following the appellant's car on 41st Street. He testified that at the corner of Peoria and 41st he observed a woman get out of her car just ahead of the appellant's vehicle and walk back and have a conversation with him.

She returned to her car and pulled into a filling station. She got out of her car and returned to the appellant's vehicle which was still in the street. She talked to him for a few minutes and the appellant "speedily left." He testified that he followed the appellant's vehicle, which was traveling at a very high rate of speed. He further testified that the appellant was driving in a "very reckless" manner and as he turned the corner "he about hit both curbs, one back to the other." (Tr. 28) The appellant pulled up to a residence, parked his car by the curb, got out and "walked kind of staggeredly" toward the house. Siler further testified that he returned to the scene of the accident and gave the tag number and the address where the appellant stopped to the police.

Officer Johnson testified that he investigated an accident at 41st and Peoria, arriving at the scene at approximately 6:10 p. m. He had a conversation with Mrs. Dodd and Kenneth Siler and subsequently proceeded to the appellant's residence, arriving there at approximately 6:30. He and another officer knocked at the door without any response for probably ten or fifteen minutes. Finally, a young lady came to the door. They explained to her why they were there and advised her that they wished to talk to the person who had driven up in the car parked outside. The young lady said that she had just arrived and she would go back in and see if he was there. They waited for probably another fifteen minutes when a young man arrived who identified himself as the son-in-law of the gentleman who was driving the car. The young man said he would go in and talk to him. The young man returned a short time later and asked the officer to come inside. Upon entering the residence, they observed the defendant in the front room. The defendant smelled of alcohol, his speech was slurred, his eyes were bloodshot and, in the opinion of the officer, was definitely under the influence of intoxicating liquor.

Defendant testified that on the evening in question, as he was coming home, he

bumped into the car ahead of him driven by Mrs. Dodd. He further testified that he had a couple of beers at noon. Mrs. Dodd got out of her car and came back and talked to him. The appellant asked her if there was anything hurt and she replied "no." He did not hear her ask him to pull over and to exchange information. Mrs. Dodd pulled into the filling station and did not again return to his car. When the light changed, he proceeded on to his home. He denied driving 70 miles per hour as he proceeded home. Upon arriving home, he testified that the family gathered in the back den and that he had two or three strong drinks. He testified that he did not hear the doorbell ring nor did any of his daughters inform him that the police wanted to talk to him. He testified that the police officers asked him to go outside, which he agreed to do. After the officer had a discussion with Mrs. Dodd, he was placed under arrest.

Teresa Eddy, the appellant's daughter, testified that he arrived home on the evening in question at approximately 6:00; that there was nothing unusual about his appearance when he arrived home; and that he consumed two or three drinks prior to the time her brother-in-law informed them that there was a police officer at the front door.

The testimonies of Pat Grissom and Louise Eddy, appellant's daughter and wife respectively, did not differ substantially from the witness, Teresa Eddy. They both testified that when he arrived home, they did not observe anything unusual about his appearance.

The first proposition asserts that the trial court erred in overruling appellant's demurrer. Appellant argues under this proposition that the only evidence presented by the City, that the appellant was operating his vehicle under the influence of intoxicating liquor, was the opinion testimony of the witness Dodd, which was insufficient to support the court's verdict. We are of the opinion that the evidence, although conflicting, was sufficient to support the court's finding. In Adams v. State, Okl.Cr., 484 P.2d 1329, we stated:

"We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. In the instant case the defendant elected to be tried by a Judge rather than a jury. The judge thus had the same province of the jury to weigh the evidence and determine the facts."

The final proposition contends that the trial court erred in overruling appellant's Motion for a New Trial. Appellant bases this proposition again on the sufficiency of the evidence. For the reasons and authorities stated in the first proposition, we are of the opinion that this proposition is likewise without merit.

In conclusion we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.