Doris Viola **JENKINS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17417.

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1972.

Thomas R. Williams, Guthrie, for appellant.

Larry Derryberry, Atty. Gen., Mike Jackson, Asst. Atty. Gen., for appellee.

BUSSEY, Presiding Judge:

Appellant, Doris Viola Jenkins, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Logan County, Oklahoma for the offense of Being in Actual Physical Control of a Motor Vehicle While Under the Influence of Intoxicating Liquor. Her punishment was fixed at ten (10) days in the county jail and a fine of One Hundred Dollars ($100.00) and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, the defendant stipulated that she was intoxicated at the time of the arrest and the case was presented to the court on the sole issue of whether the defendant was in actual physical control of the motor vehicle. Trooper Cathey testified that at approximately 9:45 p. m. on March 18, 1971, he observed a 1969 Thunderbird in a bar ditch near U.S. Highway 77 in Logan County, that the motor was running, and that the car was moving in a rocking motion, back and forth, in the bar ditch. He identified the defendant as the driver of the vehicle. The vehicle had backed into a guy-wire which prevented it from moving further backwards. He testified on cross-examination that he did not attempt to drive the vehicle, and that he did not know if it would move forward or not. He testified on re-direct examination that in his opinion a person that was in full control of his faculties could have driven the car.

Officer Madison testified that on the evening in question he observed Trooper Cathey and the defendant struggling between the patrol car and the defendant's car. He assisted the trooper in handcuffing the defendant and getting her into the patrol car. He testified that the defendant's car had backed into the guy-wires

several times and was damaged in the trunk area. The engine was running and the lights were shining from the vehicle. He further testified that no one attempted to drive the vehicle from the ditch and that it was removed by a wrecker. He testified that he was behind the car when it was removed by the wrecker and that it was not stuck.

Undersheriff Fisher testified that he assisted in the arrest of Mrs. Jenkins and observed her car backed up against the guy-wire in the bar ditch.

Defendant did not testify nor was any evidence offered in her behalf.

The sole proposition asserts that the evidence failed to establish that the defendant had the vehicle within her actual physical control at the time of the arrest. From the foregoing statement of facts, we are of the opinion that the evidence was sufficient to support the trial court's finding that the defendant did have actual physical control of the motor vehicle. In Adams v. State, Okl.Cr., 484 P.2d 1329, we stated:

"The sole proposition of error contends that the verdict was not sustained by sufficient evidence. It has long been the law of this State that a judgment of the Court trying a criminal case without a jury, reasonably supported by evidence will not be disturbed. Bullington v. State, 38 Okl.Cr. 214, 259 P. 876 (1927). We have repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. In the instant case the defendant elected to be tried by a Judge rather than a jury. The judge thus had the same province of the jury to weigh the evidence and determine the facts."

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS, J., concurs.

BRETT, J., dissents.