**Randall Lee KYLE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–84–569.**

Court of Criminal Appeals of Oklahoma.

July 24, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Randall Lee Kyle, was convicted in a non-jury trial in the District Court of Carter County for the crime of Actual Physical Control of a Motor Vehicle While Intoxicated in Case No. CRM–83–455 and was sentenced to one (1) year imprisonment, which was suspended, and fined three hundred dollars ($300), and he appeals.

Briefly stated the facts are that on June 30, 1983, a detective of the Alcohol Safety Prevention Unit of the Ardmore Police Department was dispatched to a disturbance

call. Upon arriving at the scene, the detective observed the appellant as he exited a blue 1974 Monte Carlo from the driver's side. The car was parked partly in the roadway and partly in the driveway in the yard of the residence. As another police officer was approaching the scene of the incident from the other direction, the detective noticed the appellant moving his hands around as if he was attempting to conceal something. After stopping at the residence, the detective made contact with the appellant and inquired as to whether there was some problem. He observed that the appellant began to back away from him, and that the appellant responded with slurred speech, appeared unsteady, had an odor of alcohol, and bloodshot eyes. Based upon these observations, the appellant was arrested for actual physical control, and a subsequent search of the appellant revealed a pistol and a lock blade knife. At that point, the detective located the appellant's keys, either in the car or on the appellant, and started the engine. (At trial, the officer was uncertain where he found the keys). The detective also felt the hood of the car and could feel heat emanating from the engine.

Subsequently, the detective advised the appellant of his rights concerning the breathalyzer test and advised the appellant that he was under arrest for actual physical control. The appellant consented to the test, and he was transported to the Ardmore Police Department where the test was administered. The appellant's blood alcohol concentration was 0.21%.

At trial, the detective positively identified the appellant as the person he arrested for the offense.

■ The appellant first contends that the evidence was insufficient to support a conviction for actual physical control of a motor vehicle while intoxicated. We disagree.

In *Hughes v. State*, 535 P.2d 1023, 1024 (Okl.Cr.1975), this Court stated:

The defendant when arrested may have been exercising no conscious violation

with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the vehicle and driven away. He therefore had 'actual physical control' of the vehicle within the meaning of the statute ...

In the instant case, the arresting detective testified that he saw the appellant exit a vehicle that was parked partly in the roadway and partly in the driveway in the yard of a residence. He further testified that after locating the appellant's keys, he established the mobility of the vehicle, and that the appellant's blood alcohol concentration was 0.21%. We are of the opinion that based upon these facts, there is a reasonable inference that the appellant was behind the wheel of the vehicle, before getting out,. and that he could have started the vehicle and driven away.

Moreover, it is well settled that where there is competent evidence in the record from which the trier of fact could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Renfro v. State*, 607 P.2d 703 (Okl. Cr.1980). Where, as in the instant case, the appellant elects to be tried by a judge rather than a jury, the judge has the same province of the jury to weigh the evidence and determine the facts. *Jenkins v. State*, 501 P.2d 905 (Okl.Cr.1972). Therefore, we find this contention to be meritless.

■ The appellant next contends that the arrest was illegal and all evidence obtained as a result thereof was inadmissible at trial since no offense was committed in the presence of the arresting officer. We disagree with this contention. The detective testified he observed the appellant getting out of his vehicle and that as he ap-

proached the appellant, the appellant began to back away from him, that his speech was slurred, that he appeared unsteady, that he had the smell of alcohol on his breath, and that his eyes were bloodshot. We are of the opinion that the misdemeanor of actual physical control of a motor vehicle while intoxicated occurred in the presence of the detective; therefore, the arrest was legal. This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., concurs.

BRETT, J., dissents.